### 1904.    ATTAWAY *v.* PARKER, judge.

It appearing that the matters which the judge declined to certify were absolutely immaterial to the consideration of the error attempted to be assigned by the bill of exceptions which was presented, and that the judge could have stricken the same, under the provisions of the Civil Code, § 5528, par. 3, as mere surplusage, it is directed, if counsel for the plaintiff in error present a bill of exceptions with such immaterial matter omitted, in accordance with the direction of the judge, that thereupon the judge certify such bill of exceptions.

Petition for mandamus.

Submitted June 8,—Decided July 6, 1909.

*P. L. Smith,* for movant.

*Price & Grant, Wilson, Bennett & Lambdin,* contra.

RUSSELL, J.   We can not hold, as a matter of strict law, that the judge erred in declining to certify the bill of exceptions.   The truth of the matter is to be derived from the answer of the judge to the mandamus nisi; and in the answer the judge states that the bill of exceptions as presented to him, even after he had required the necessary corrections to be made, contained matter which was wholly immaterial and a statement of facts to which he could not certify, for the reason that he had no knowledge as to what was the truth in relation thereto.   If the law required that the bill of exceptions as tendered to the judge should be attached to the petition for mandamus nisi, instead of providing that the bill of exceptions which was refused should be substantially set forth, it would perhaps enable this court to ascertain more definitely exactly what the contents and the errors of the proposed bill of exceptions were.   The judge should not have certified, and can not be required to certify, to any matter which does not rest in his knowledge (*Platen* v. *Adams,* 72 *Ga.* 199) ; for his certificate must always import verity.   In the present case, however, with the record before us, two facts plainly appear; first, that the pe-

tition for certiorari should have been sanctioned; and next, that all of the objectionable matter, on account of which the judge refused to certify the bill of exceptions, may reasonably be treated as mere surplusage. It could well have been so treated by the judge of the superior court; and, in conformity with the duty devolving upon him under the provisions of the Civil Code, §5528, par. 3, to make all needful corrections to cause the bill of exceptions to speak the truth, we think that he should have stricken from it all such portions as purport to specify any portions of a record which, as the judge well says in his answer, did not exist, as well as all of the statements purporting to relate to occurrences on the trial in the county court, of which, of course, the judge could have no official knowledge. It was within the power of the judge to make these needful corrections, and, under our view of the statute, it was his duty to do so, either himself or by requiring counsel to eliminate the objectionable matter. So much as to the power and the duty of the judge. And yet, if none of the matters referred to had been stricken by the judge, this court could very clearly have seen, after the copy of the petition for certiorari was attached, if there was an assignment of error upon the refusal of the judge to sanction the same, that nothing else was material, and of course we should not have considered the surplusage. We are so loath, however, to prevent any litigant from pursuing his right if he so desires, that we avail ourselves of the power, conferred by law, to give any direction to a cause which may be needful in the interest of justice; and while we do not feel warranted in making the mandamus unconditionally absolute, we direct that if, within fifteen days, plaintiff in error shall present to the judge the bill of exceptions, reciting only the presentation of the petition for certiorari and the refusal of the judge to sanction the same, with the proper assignment of error thereon, and with the petition for certiorari and all necessary exhibits either incorporated in the bill of exceptions or attached thereto as required by law, the judge shall certify such bill of exceptions (as he has expressed his willingness to do in his answer); otherwise that the mandamus absolute be refused. When we take a broad view of the trend of modern jurisprudence, especially as evidenced by all of the most recent acts of our legislature, it is plain that every facility should be afforded toward giving litigants an oppor-

tunity to be heard before this court, and that it is the fixed policy of this State that no one should be deprived of pursuing his right even to the courts of last resort.  The matters wherein counsel and the court differ are so entirely immaterial to the single question to be considered, that, had the judge by inadvertence certified to the transaction occurring in the county court, or permitted to be specified as parts of the record the papers mentioned by the plaintiff in error in his bill of exceptions, none of these matters would have been considered here.  The only question would have been, did the judge err in refusing to sanction the petition for certiorari?  And the only means by which we could have determined that question would have been by consideration of the contents of the petition as set out in the bill of exceptions.

*Mandamus absolute, on condition.*